Steve Russell (2831)
**EISENBERG & GILCHRIST**
215 South State Street Suite 900
Salt Lake City, UT 84111
(801) 366-9100
(801) 350-0065 -facsimile
Attorney for Plaintiff



## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN BAYLESS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, THE UNITED STATES ARMY, and DOES I-V, <br><br> Defendants. | COMPLAINT <br><br> Case: 2:09cv00495 <br> Assigned To : Kimball, Dale A. <br> Assign. Date : 5/29/2009 <br> Description: Bayless v USA, et al |

Plaintiff Carolyn Bayless, for causes of action against the defendants , alleges as follows:

### PARTIES

1.      Carolyn Bayless is currently a resident of the State of Colorado.

2.      The United States of America and United States Army have consented to be sued

under the circumstances of this case pursuant to the *Federal Tort Claims Act,* 28 U.S.C. Section

2674.

3.      The Doe defendants are non-governmental entities and/or government contractors

who conduct contributed to the contamination of the subject properties involved in this litigation.

Their identity and conduct cannot be ascertained without discovery.

## JURISDICTION AND VENUE

4.      The Utah Federal District Court has jurisdiction over this matter.

5.      Venue in the Utah Federal District Court, Central Division is appropriate because the defendants' facilities are located there, and plaintiff's injuries arose there.

## FACTS

6.      Carolyn Bayless (Bayless) graduated from Brigham Young University in April, 1997 with a BS in Conservation Biology.

7.      Bayless was married in May, 1997 to Benjamin Bayless.

8.      Bayless' first job after college was with the State of Utah, Division of Wildlife.

9.      In the Summer of 1997, Bayless was assigned to a range crew to perform field vegetation studies.

10.     During the Summer of 1997, Bayless spent about four weeks doing range studies in the Utah West Desert, including areas adjacent to the "Dugway Proving Grounds." At the time, Bayless was unaware of the existence of the Dugway Proving Grounds or the nature of the activities that went on there. (The specific areas where the range studies were performed were mapped by GPS coordinates.)

11.     The Dugway Proving Grounds is a closed facility operated by the United States Army. Among the activities that take place at the Dugway Proving Grounds are chemical and biological weapons testing, and chemical and biological weapon incineration.

12.     Chemical and biological weapon incineration is managed by the U.S. Army Soldier and Biological Weapon Command (SBCCOM). The weapons incineration takes place at the Tooele

2

Chemical Agent Disposal Facility.  (TOCDF)

13.     Upon information and belief, during 1997 and prior, the Army conducted chemical and biological weapons testing during which shells containing toxic chemical and nerve agents were fired off-site from the Dugway Proving Grounds, some of which detonated in the area where Bayless did her range studies.

14.     Upon information and belief, the area where Bayless did her range studies also contained unexploded ordinance.   During 1997 and prior, the Army also sent out teams in full HAZMAT protective gear to perform "open burn open detonation" (OBOD), in place, on the unexploded ordinance.

15.     Upon information and belief, during 1997 and prior there were frequent leaks and emissions from the TOCDF which resulted in contamination of the area in which Bayless worked with, among other toxic chemical and nerve agents, sarin and mustard gas.

## FIRST CAUSE OF ACTION
*Negligence*

16.     As a result of the conduct of defendants described above, the area where Carolyn Bayless worked in 1997 was contaminated with toxic chemical and nerve agents.

17.     Defendants knew these agents, including sarin and mustard gas were highly toxic or deadly, and would remain active in the open environment for prolonged periods of time.

18.     Defendants failed to warn unknowing and unsuspecting individuals that areas outside of, and adjacent to the Dugway Proving Grounds were contaminated with toxic chemical and nerve agents.

19.     The conduct of the defendants as described herein constitutes negligence.

3

20.     More specifically, the defendants were negligent in the following, but not limited to the following respects:

a.      By allowing toxic contamination to escape the TOCDF and migrate to areas outside the Dugway Proving Grounds.

b.      By conducting chemical weapons experiments in which toxic chemical and nerve agents were fired outside and adjacent to the Dugway Proving Grounds.

c.      By conducting open burn, open detonation (OBOD) procedures on unexploded chemical weapons outside and adjacent to the Dugway Proving Grounds.

d.      By failing to openly mark and prohibit access to areas contaminated by above described incidents.

e.      By failing to warn individuals, including Carolyn Bayless, who had reason to enter the contaminated areas, to either stay out, or utilize adequate protective clothing and gear.

21.     As a result of the above-described negligence Carolyn Bayless was exposed to toxic chemical and nerve agents, including, without limitation, sarin and mustard gas, as well as other toxic contaminants.

22.     As a direct and proximate result of those exposures, Bayless has contracted a number of sicknesses, diseases, neurological disorders and other adverse health impacts which have advanced and worsened since 1997, to the point where Bayless is now completely and permanently disabled.

23.     Bayless was divorced from her husband in February, 2006. She was awarded custody of her daughter subject to visitation rights. However, by January, 2008, Bayless' disability

4

had progressed to the point where she could no longer provide adequate care for her daughter. She lost custody on January 7, 2008 to the father of the child, and will not be able to regain custody until she is well enough to care for her daughter, and stable enough to live in one place for at least 6 months. Bayless describes this as the worst thing that has ever happened to her outside her illnesses and neurological disorders described above.

24.     As a direct and proximate result of those exposures, Carolyn Bayless has incurred major medical expenses, past, present and future lost income, pain and suffering, mental and emotional injury, disability, loss of enjoyment of life and other injuries and damage in amounts to be proved at trial, but not less in the aggregate of $5 Million.

## **Bayless' Discovery of Her Claims and Causes of Action**

25.     At no time until her own investigations described herein was Carolyn Bayless told, informed or otherwise aware that she had been exposed to harmful toxins while working in the West Desert in 1997.

26.     Within a month of working in the West Desert, Bayless began to suffer from various illnesses and neurological symptoms.

27.     A brain MRI was read as normal in February, 1998.

28.     Over the course of the next year, Bayless had several brain MRI's and neurological exams, but received no diagnosis or explanation of what was wrong with her.

29.     In February, 1999, Bayless was given a diagnosis by Dr. John Rose of the University of Utah of multiple scerosis, and received treatment based on that diagnosis.

30.     On March 7, 2000, Bayless suffered a miscarriage.

5

31.     By April, 2000, Bayless had become too disabled to work.

32.     In July, 2000, Bayless was told she did not have MS by Dr. Gastome Celesia of Loyola University.

33.     In October, 2000, Bayless was diagnosed with chronic Epstein Barr Virus (mononucleosis) By Dr. Judith Moore.

34.     On August 5, 2001, Bayless gave birth to a healthy baby girl.

35.     In 2003, Bayless was seen by Sam Queen in Colorado Springs, CO. Queen interpreted Bayless' blood tests as showing a "pesticide profile" and potential exposure to organophosphate pesticides.

36.     This information did not trigger any suspicion about the West Desert since it was not an area where Bayless would suspect pesticides had been used.

37.     Sometime in 2005, Bayless read an article in a fitness magazine which featured a woman with bizarre neurological symptoms similar to her own. The article stated that woman's symptoms began after visiting an Army base.

38.     This prompted Bayless to do research on the internet. In the course of that research, Bayless found out about the Dugway Proving Grounds and its testing and incineration of chemical and biological weapons.

39.     In February, 2007, Bayless went to see Dr. William Rae at the Environmental Health Center in Dallas. There, Bayless underwent a very wide spectrum of tests and Dr. Rae made the diagnosis of organophosphate poisoning. Dr. Rae also found a decrease in Bayless' blood cholinesterase and made the first connection for Bayless with sarin nerve gas.

6

**Bayless Has Complied With the Relevant Provisions of the Federal Tort Claims Act**

40.    The United States has waived governmental immunity for the acts of the defendants

in this case, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674.  (See, Exhibit A, attached.)

41.    The plaintiff has complied with the requirements of the FCC, by first sending by

certified mail, a *Federal Tort Claims Act Notice,* dated January 31, 2008.

42.    The United States did not respond to this Notice within the six-month time period

allowed under the FTCA.

43.    This Complaint is now being filed within the time allowed under the FTCA.

## JURY DEMAND

44.    The fullest extent permitted in claims against the United States under the FTCA,

Carolyn Bayless demands that this matter be tried to a jury.  All applicable fees and costs related

to this demand have been paid as of the date of filing.

Dated this ____ day of May, 2009.

EISENBERG & GILCHRIST

*Steve Russell*
*Attorney for Plaintiff Carolyn Bayless*



JEFFREY D. EISENBERG
ROBERT G. GILCHRIST
DAVID A. CUTT
STEVE RUSSELL
JACQUELYNN D. CARMICHAEL
JORDAN P. KENDELL
BRONSON BILLS

**EISENBERG & GILCHRIST**
ATTORNEYS AT LAW

215 SOUTH STATE STREET, #900
SALT LAKE CITY, UTAH 84111
PHONE 801.366.9100
FACSIMILE 801.350.0065
TOLL FREE 877.850.3030

~

OF COUNSEL:
BRAYTON ❖ PURCELL

May 28, 2009

Commander
U.S. Army Soldier & Biological Chemical
Command
ATTN: AMSSB-PA
5183 Blackhawk Road, Bldg. E5105, Rm. 225
Aberdeen Proving Ground, MD 21010-5424

Tooele Army Depot
Lt. Col. Karol Ripley
Commander
Tooele Army Depot
Tooele, Utah 84074

Fort Myer Military Community
Office of the Claims Judge Advocate
204 Lee Avenue
Fort Myer, VA 22211-1199

Department of Defense
Deputy Secretary of Defense
1010 Defense Pentagon
Washington, DC 20301-1010

Deseret Chemical Depot
Commander
Deseret Chemical Depot
ATTN: AMSSB-ODC
PO Box 250
Stockton, UT 84071-0250

Mr. Derek Shoup
Office of the Staff Judge Advocate
Claims Division
7086 Albanese Loop
Fort Carson, CO 80913-4303

Gil Brunson
Legal Office #1
Tooele Army Depot, Bldg. 1
Tooele  84074-5000

RE:   **Carolyn Bayless v. United States of America and Does I-X**
        **FEDERAL TORT CLAIMS ACT NOTICE**

To the above-listed persons:

        This letter is in follow up to the Notice of Claim recently sent to each of you regarding Carolyn
Bayless. The purpose of this letter is to clarify that when in the Notice of Claim there are references to the
"Army," the description of Army refers to TOCDF, Dugway Provoing Grounds and Facilities, and Deseret
Chemical at that area. Does I-X are potential Non-Army Contractors.

                        Sincerely,

                        EISENBERG & GILCHRIST

                        Steve Russell
                        Jeffrey D. Eisenberg