IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| **CAROLYN BAYLESS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| | : | Civil No.: 2:09cv00495DAK |
| **UNITED STATES OF AMERICA,** | : | |
| | : | Judge Dale A. Kimball |
| | : | |
| Defendant. | : | |
| | : | |

Defendant United States of America ("United States") has filed an Uncontested Consent Motion to Compel and through this motion seeks to obtain neuropsychological test materials and data subject to certain requirements and restrictions that will prevent the unfettered public disclosure or release of that data. The Court, for reasons set forth herein, GRANTS that motion and ORDERS production of the neuropsychological test material and data subject to the requirements and restrictions set forth in this ORDER.

Dr. Nancy A. Didriksen, Ph.D., is a neuropsychologist practicing in Texas. On July 21, 2008, she conducted neuropsychological testing of Plaintiff Carolyn Bayless. Documents and materials in Dr. Didriksen's possession pertaining to such testing include the neuropsychological

1

test materials administered to Plaintiff and the raw test data generated therefrom as these materials were used to evaluate Plaintiff's psychological functionality and/or impairment.

On April 24, 2015, the United States issued a subpoena to Dr. Didriksen seeking production of all records in her possession, custody, and control relating to Plaintiff, including the aforementioned test materials, raw test data, and specific methodologies used to evaluate Plaintiff's neuropsychological status. On May 13, 2015, Dr. Didriksen produced to the United States records relating to Plaintiff, however, withheld from production the neuropsychological test materials and raw test data . Dr. Didriksen notified the United States that pursuant to Texas law, those materials may contain proprietary business information and can only be produced in response to a court order.[1]

The Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *see Keefer v. Erie Ins. Exchange*, 2014 WL 901123, at *2 (M.D. Pa.,2014) ("[t]he relevance requirement of Rule 26(b)(1) must be 'firmly applied'") (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). The Court, however, has discretion to enter an order limiting discovery (*i.e.*, a protective order) upon a showing of "good cause." Fed. R. Civ. P. 26(c); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 n.16 (1981) (the good cause standard requires a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements). "The 'good cause' standard of Rule 26(c) is 'highly flexible, having been designed to accommodate all relevant interests as they arise.'" *Rohrbough*

---

[1] Texas Administrative Code, Title 22, section 465.22(c)(4) provides in part that psychological "[t]est data shall be made available only: (A) to another qualified mental health professional and only upon receipt of written release from the patient or client, or (B) pursuant to a court order." 22 TAC § 465.22 (c)(4).

*v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citing *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)). In fashioning a discovery Order, the Court may impose restrictions on its use and how "confidential research, development, or commercial information" is revealed. Fed. R. Civ. P. 26(c)(1)(G). A general balancing test is applied weighing "the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

In the instant case, whether Plaintiff Carolyn Bayless was exposed to chemical and biological weapons agent and the nature and extent of her neuropsychological injuries are at issue. She alleges that as a result of exposure to chemical agent produced by the Army, she has suffered from "sicknesses, diseases, neurological disorders and other adverse health impacts that have advanced and worsened since 1997. . . ." Compl. ¶ 22 (Dkt. 1). The raw test data and materials the United States seeks are relevant to assessing Plaintiff's neuropsychological health, and there is good cause to permit discovery of these materials, as the raw test data and materials are wholly relevant to an assessment of Plaintiff's general health, medical history, and medical symptomology. Furthermore, the test materials and data may contain protected proprietary information. Accordingly, consistent with the parties and Dr. Didriksen's agreement and consent, the Court will order Dr. Didriksen to produce the raw test data and materials subject to the requirements set forth herein, which place appropriate restrictions on the release of these materials. This arrangement satisfies the United States' request for discovery of these materials, while also protecting Dr. Didriksen's professional obligations and proprietary test materials and data.

The Court hereby ORDERS that the test materials and raw test data generated from the neuropsychological testing of Plaintiff, as well as any other materials withheld by Dr. Didriksen, be produced to the United States. It is further ORDERED, that to ensure and protect against the unfettered public disclosure of confidential and/or proprietary business information, that any materials produced by Dr. Didriksen in response to this ORDER shall be handled and governed by the following terms and conditions:

1. Upon receipt of the responsive materials from Dr. Didriksen, the United States will assign an identification number to the materials, and will mark/stamp each document "Confidential" (hereinafter referred to as "Confidential Materials").

2. These Confidential Materials may be used only for purposes of this litigation. Such materials shall not be used for any other purpose, including, without limitation, disclosure to the public or media, use for any business or commercial purpose, or use in any other litigation or proceeding. The foregoing shall not apply to discovery material that properly is or becomes part of the public record.

3. These Confidential Materials may not be disseminated, disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person except the following "Authorized Persons":

    A) Counsel for the parties, and the paralegals, secretaries, employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of this action;

    B) Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

C) Experts or consultants necessary to assist counsel for the parties, and secretaries, employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of this action, provided that such expert or consultant is using said Confidential Materials solely in connection with this action, and further provided that such expert or consultant (and if the expert or consultant is a firm, each individual at the firm who is involved in the project) signs the acknowledgment form attached hereto, agreeing in writing to be bound by the terms of this Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use any Confidential Materials for purposes other than those permitted hereunder;

D) Witnesses or deponents and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action;

E) The parties themselves;

F) The Court, persons employed by the Court, and court reporters/videographers transcribing or recording any hearing, trial, or deposition in this action, or any appeal therefrom;

G) Every person to whom Confidential Materials are disclosed, summarized, described, or otherwise communicated or made available in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder.

       Each such person shall maintain the Confidential Materials, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

4. Counsel providing Confidential Materials to Authorized Persons (see paragraph 3 above) shall obtain an executed confidentiality statement (attached to this order), entitled "Acknowledgment of Confidentiality") prior to providing any of these materials to the Authorized Person and shall retain the original signed statement. Executed confidentiality statements shall be provided upon request if the interested party has a good faith concern that the confidentiality has not been maintained in accordance with this Order.

5. Any submission to the Court that quotes or paraphrases any Confidential Materials, including exhibits that contain Confidential Materials, or briefs and motions, must be redacted to prevent disclosure of the Confidential Materials. If a party seeks to use a document containing such material, the party should meet and confer with Dr. Didriksen to ensure that the proper material will be redacted prior to public filing.

6. Filing under seal will be required when the Confidential Materials cannot be redacted. If the material cannot be effectively redacted or is substantively related to the filing at issue (the pleading, brief, memorandum, motion, letter, affidavit, exhibit or other document filed with the Court that discloses, contains, or describes this material), it shall be treated as a Restricted Access Document for Electronic Case Filing Purposes (the document should be filed under seal).

7. Within forty-five (45) days after the conclusion of the proceedings before this Court and any related appeal, the parties, as well as their experts and consultants, shall destroy all such copies or versions of the Confidential Materials and certify to that fact. In addition,

after the conclusion of the proceedings before the Court and any related appeal, the parties shall promptly destroy all notes, summaries, attorney work product, and other documents quoting, describing, summarizing, or incorporating any part of such Confidential Materials. The parties shall be entitled to retain court papers as well as deposition and trial transcripts that contain the protected information provided that they not disclose this material to any person except pursuant to a court order or agreement with the Producing Party.

8. In the event that any Confidential Materials are used in any court proceeding in this action, such material shall not lose its Confidential status through such use unless it properly becomes part of the public record. Prior to any Court proceeding in which Confidential Materials are to be used, using counsel shall confer with all counsel of record to decide what procedures are necessary to protect such material.

9. The obligation to prevent the unauthorized disclosure of these Confidential Materials shall continue after the completion of this litigation, including any related appeal.

10. This Order has no effect upon, and shall not apply to, Dr. Didriksen's use of these materials.

11. All parties must promptly notify the Court of any breach of this Order, must make every effort to fully remedy any breach, and must fully cooperate in any investigation of such breach.

12. Any allegations of abuse or violation of this Order will be considered by the Court for purposes of determining whether it should impose sanctions, whether the matter should be referred for appropriate disciplinary proceedings, or both.

13.     This order does not constitute a ruling on the admissibility of any Confidential Materials.

Dated:  this 2d day of November, 2015.

_____
U.S. District Court Judge

**ACKNOWLEDGMENT OF CONFIDENTIALITY**
**OF NEUROPSYCHOLOGICAL TEST MATERIALS AND DATA**

I have read and understand that the Court has entered an Order protecting the confidentiality of neuropsychological test materials and data, and I hereby agree to be bound by it. Specifically, I agree that I will not disclose these materials, except as authorized by the Court.

I further agree that I will destroy or return all documents that quote or paraphrase any portion of the confidential neuropsychological test materials and data to Plaintiff or government counsel within forty-five (45) days after the termination of this litigation, or the expiration of all rights to appeal, whichever is later; and that I will take appropriate steps to maintain the confidentiality of these materials and any documents that quote or paraphrase or describe any part of them. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the District of Utah for the sole purpose of enforcement of this Order.

Date: _____          Signature: _____

                                                           Name (Print): _____